UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELSPETH McDANIEL,

      Plaintiff,

v.

                                 File No. 1:14-cv-969

                                 HON. ROBERT HOLMES BELL

PERFORMANT RECOVERY, INC.,

      Defendant.
_____/

## **O P I N I O N**

Plaintiff Elspeth McDaniel brings this action against Performant Recovery contesting the garnishment of her wages to recoup a debt to the United States Department of Defense. The matter is before the Court on Plaintiff's motion for summary judgment (ECF No. 13) and Defendant's cross-motion for summary judgment (ECF No. 15). For the reasons that follow, the Court denies Plaintiff's motion, and grants in part and denies in part Defendant's motion.

**I.**

On June 22, 2013, the United States Department of Treasury, Financial Management Service ("FMS") assigned an unpaid debt apparently owed by Plaintiff to the Department of Defense to be collected by Defendant Performant Recovery, Inc. ("PRI"). (Oct. 24, 2013, Letter from Christie to Burr, ECF No. 17.) Neither party has alleged facts or produced evidence that Plaintiff was ever notified by the Department of Defense or FMS of her debt.

On September 9, 2013, Defendant sent Plaintiff a notice of the Treasury Department's intent to initiate administrative wage garnishment proceedings unless she satisfied the debt by sending payment to Defendant. (Sept. 9, 2013, Notice, ECF No. 18.) The Notice form included information

on Plaintiff's rights to inspect and copy records related to the debt and to request a hearing before September 30, 2013, from the Department of Defense and a blank form for requesting a hearing. (*Id*.) The Notice allegedly was not postmarked on September 30, 2013. (Compl. ¶ 4, ECF No. 2.)

Plaintiff's counsel requested verification of the debt from Defendant on several occasions. (Letters between Burr and Defendant, ECF Nos. 17, 19, 20, 21.) At some point, Defendant provided Plaintiff's counsel with a document called "FedDebt," which apparently contained numbers related to Plaintiff's debt. Neither party has produced the FedDebt document or produced in full the correspondence between Plaintiff and Defendant..

Plaintiff brings suit against Defendant claiming that it did not properly notify her of the debt, it did not provide verification of the debt despite reassurances that it would, and that it is continuing to convert funds from her wages despite reassurances it would desist from any collection action.

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In reviewing a motion for summary judgment this Court cannot weigh the evidence, make credibility determinations, or resolve material factual disputes. *Alman v. Reed*, 703 F.3d 887, 895 (6th Cir. 2013); *see Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986) (stating that on a motion for summary judgment "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge"). "[T]he

district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Liberty Lobby,* 477 U.S. at 252. The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

**III.**

Plaintiff moves for summary judgment on the grounds that Defendant has failed to verify the alleged debt and Defendant has no legal right to file a wage garnishment. Plaintiff argues that Defendant has violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, and 1692g and the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.903, and committed common law conversion. For its motion, Defendant argues that it did provide verification, and that it never garnished Plaintiff's wages. Thus, Defendant seeks summary judgment on the grounds that Plaintiff's FDCPA and MCPA claims fail as a matter of law, and Plaintiff has failed to provide evidence to support a conversion claim.

**A.     FDCPA and MCPA Violations**

Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(2), (8), and (10) by falsely representing that Defendant had legal documentation evidencing Plaintiff's debt, when Defendant did not have such evidence. Plaintiff alleges Defendant violated Mich. Comp. Laws § 445.903(a). (n), (q), and (s) by causing misunderstanding as to the source of debt, causing misunderstanding as to the legal rights and remedies, representing that Plaintiff would receive prompt information, and

3

failing to reveal material facts.

Plaintiff had requested documentation of the debt on October 14, 2013. (Oct. 14, 2013, Letter from Burr to PRI, ECF No. 19.) In response, Defendant apparently sent a document entitled "FedDebt," which contained some "figures." (Nov. 7, 2013, Letter from Burr to Christie, ECF No. 20.) Plaintiff persisted in requesting additional documentation because the FedDebt document did not adequately establish where the figures came from. (*Id*.) Defendant's compliance counsel told Plaintiff's counsel that Defendant had requested verification of the debt from FMS at the Treasury Department, and that verification would be provided to Plaintiff upon receipt. (Nov. 23, 2013, Letter from Franklin to Burr, ECF No. 21.) Plaintiff alleges she has not heard anything about the verification. (Pl.'s Br. in Support of Mot. for Summary Judgment 4, ECF No. 13.)

Defendant argues that Plaintiff's FDCPA and MCPA claims are baseless because "Plaintiff admits that PRI provided Plaintiff with a statement of the debt. Exhibit D." Exhibit D, however, is a letter from Plaintiff's counsel to Defendant complaining that Defendant merely sent the FedDebt document without any explanation of what the document contained. (Nov. 7, 2013, Letter from Burr to Christie, ECF No. 20.) Exhibit D is not evidence of the debt itself. Neither party has filed this FedDebt document as an exhibit.

Both parties use evidence of letters to each other to demonstrate the existence of documentation referenced within the letters, but neither party has introduced the documentation itself. Documentation of the debt is material because it forms the crux of the dispute. Additionally, Plaintiff has not filed exhibits of other correspondence that occurred between her counsel and Defendant regarding verification of the debt, but she has quoted portions of the communications in her briefing. (See Pl.'s Br. in Support of Mot. for Summary Judgment 3, ECF No. 13 (quoting Dec.

4

3, 2013, Letter from Christie to Burr; quoting Dec. 13, 2013, Letter from Burr to Christie).) The Court cannot determine as a matter of law whether Defendant made false representations to Plaintiff regarding the validity of her debt without reviewing the representations in their full context. Thus, the Court cannot grant Plaintiff's motion for summary judgment.

Likewise, the Court cannot grant summary judgment to Defendant because there exists an issue of genuine material fact whether the documentation evidencing the debt was adequate. Construing the evidence in favor of Plaintiff, she has shown that she insisted on an opportunity to inspect records of her debt as she was entitled according to the Notice, that Defendant offered inadequate documentation in October 2013, and Defendant's compliance counsel failed to provide additional verification as promised in December 2013. There exist issues of material fact whether the verification and documentation were sufficient to fulfill the obligations stated in the Notice.

As to other violations of the FDCPA and MCPA concerning misunderstanding and collection on a debt where there is no liability, the Court cannot grant summary judgment because neither party has introduced evidence of when Plaintiff received the Notice, of who initiated the garnishment and the dates and amounts that were garnished, or that Plaintiff received verification upon the promise of Defendant's compliance counsel. The Court cannot grant judgment as a matter or law upon a record lacking material evidence where the parties dispute what the material evidence contains.

**B. Conversion**

The Court shall grant Defendant's motion for summary judgment on the common law conversion claim. Plaintiff claims Defendant is improperly garnishing wages; Defendant claims that the Treasury Department is actually garnishing wages. Plaintiff has failed to adduce any evidence of a garnishment or that Defendant seized her property at any time. "If the defendant in a

run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Liberty Lobby*, 477 U.S. at 252. No juror could find by a preponderance of the evidence that Plaintiff is entitled to a verdict in her favor on the conversion claim. *See id.* Therefore, summary judgement for Defendant on this count is appropriate.

## IV.

For the foregoing reasons, the Court denies Plaintiff's motion for summary judgment, and grants in part and denies in part Defendant's motion for summary judgment. Defendant's motion is granted as to the claim for conversion.

The Court will issue an order consistent with this Opinion.

Dated: July 23, 2015                                         /s/ Robert Holmes Bell
                                                             ROBERT HOLMES BELL
                                                             UNITED STATES DISTRICT JUDGE